**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI REN, | No. 06-72591 |
| Petitioner, | Agency No. A097-365-745 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2013
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Li Ren, a citizen of the People's Republic of China, petitions this court to

review the denial of her application for asylum, withholding of removal, and relief

under the regulations implementing the Convention Against Torture. In her

application, Ren had claimed that she qualified as a "refugee," 8 U.S.C.

_____

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1158(b)(1), alleging that she suffered persecution for her opposition to China's population-control policies and her activism against municipal corruption. The IJ denied relief, concluding that she lacked credibility; the Board of Immigration Appeals affirmed the adverse credibility determination and adopted the reasoning that the IJ articulated.

We review findings of fact underlying the denial of asylum applications, including adverse credibility determinations, for substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). The IJ must provide "specific, cogent reason[s]" underlying his conclusions that "bear a legitimate nexus to the finding," *Garrovillas v. INS.*, 156 F.3d 1010, 1013 (9th Cir. 1998) (internal quotation marks omitted); but he is not constrained to "recit[e] . . . unique or particular words," *de Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997).

In his oral decision denying Ren's application, the IJ specifically concluded that her "testimony has not been consistent"; that she "was many times evasive and not answering the questions to the point where the court had to instruct her"; and that, upon having "the opportunity to observe [her] demeanor," she had "memorized [her testimony] as far as the statement that she had put before the court." One or more of these grounds bore a legitimate nexus to his finding. The

IJ may properly consider materially inconsistent testimony, evasiveness, and demeanor in evaluating an applicant's credibility.

These various grounds, on which the IJ expressly relied in finding Ren not to be credible, find adequate support in the administrative record.

**PETITION DENIED.**